# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| BOBBY SCHLUETER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:16-cv-02079** |
| | ) | **Judge Aleta A. Trauger** |
| INGRAM BARGE COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

Before the court is defendant Ingram Barge Company's Motion for Partial Summary Judgment on the Issue of Loss of Household Services. (Doc. No. 63.) For the reasons set forth herein, the motion is **DENIED**.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an injury suffered by plaintiff Bobby Schlueter on February 7, 2014, while he was a member of the crew of the M/V Sarah L. Ingram, a vessel owned and operated by the defendant, Ingram Barge Company ("Ingram"). Schlueter filed the Complaint initiating this action on August 8, 2016, asserting claims under the Jones Act, 46 U.S.C. § 30104, and the general maritime law of the United States. (Doc. No. 1.)

One of the elements of damages that Schlueter seeks to recover is the loss of his household services. In support of these damages, he has retained the services of Robert E. "Jay" Marsh, who has opined that this loss will be $323,200.80. (Doc. No. 64-1.) Schlueter and his wife both testified that, prior to his injury, Schlueter performed a lot of work around his house and yard, including household maintenance and home improvement. He also performed mechanical and maintenance work on his own cars.

The Initial Case Management Order entered on October 20, 2016 prohibits the filing of partial motions for summary judgment except upon leave of court. (Doc. No. 12, at 3.) The defendant, without leave of court, filed its first Motion for Partial Summary Judgment on August 21, 2019. (Doc. No. 49.) The court thereafter entered an order directing that that motion be held in abeyance pending the defendant's compliance with the court's procedures. (Doc. No. 54.) The defendant filed a Motion for Leave of Court to File Motion for Partial Summary Judgment. The court ultimately granted that motion in part and set a briefing schedule for the filing of a new motion for partial summary judgment on one of the two issues on which the defendant sought partial judgment.

In accordance with the court's directive, the defendant filed its Motion for Partial Summary Judgment on the Issue of Household Services, supporting Memorandum of Facts and Law, and Statement of Undisputed Material Facts on September 6, 2019, asserting that it is entitled to judgment in its favor on the plaintiff's claim of damages associated with the loss of his own household services. (Doc. Nos. 64, 65.) The plaintiff filed a Response, Response to the Statement of Undisputed Facts, and Statement of Additional Facts. (Doc. Nos. 73, 74.) The defendant filed a Reply and a Response to the Plaintiff's Statement of Additional Facts. (Doc. Nos. 75, 76.) The facts relevant to the defendant's motion are undisputed.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). In evaluating a motion for summary judgment, the court views the facts in the light most

favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003).

## III. ANALYSIS

The issue presented here is purely a legal one: whether a plaintiff bringing suit under the Jones Act based on personal injury, rather than death, may recover as part of his damages the value of the loss of his *own* household services.[1] The defendant concedes that the value of the loss of household services is recoverable under the Jones Act but argues that such recovery is available only in death cases brought by a decedent's estate and beneficiaries, rather than in injury cases brought by the injured party. The available legal authority does not support this distinction, and all relevant caselaw indicates that such damages are available in Jones Act injury cases as well.

The Jones Act provides in relevant part:

> A seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

46 U.S.C. § 30104. That is, the Jones Act expressly incorporates by reference the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq. See Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) (recognizing that Congress "incorporate[ed] FELA unaltered into the Jones Act"); *Sobieski v. Ispat Island, Inc.*, 413 F.3d 628, 631 (7th Cir. 2005). Consequently, cases interpreting FELA are generally relevant to Jones Act cases. *See Miles*, 498 U.S. at 32; *Sobieski*,

---

[1] The defendant does not address the question of whether such damages are available under general maritime law or even whether the plaintiff's claims are properly brought under general maritime law. In any event, as set forth herein, the same types of damages are generally recoverable under both the Jones Act and general maritime law.

413 F.3d at 631 (7th Cir. 2005) ("The act by its terms extends the protections of [FELA] to seamen, and thus FELA caselaw is broadly applicable in the Jones Act context." (citations omitted)). In *Miles*, the Supreme Court recognized that, although the Jones Act "does not explicitly limit damages to any particular form," *Miles*, 498 U.S. at 32, by the time of the enactment of the Jones Act, FELA had long been construed as limiting recovery to pecuniary losses. The Court concluded that Congress was aware of the existing case law at the time and, therefore, "must have intended to incorporate the pecuniary limitation on damages [into the Jones Act] as well." *Id.* The Court therefore held that the Jones Act did not authorize recover for "loss of society," a non-pecuniary form of damages, in a Jones Act wrongful death action. *Id.* Courts recognize that the same limitation applies to Jones Act *injury* actions as well. *See, e.g.*, *Michel v. Total Transp., Inc.*, 957 F.2d 186, (5th Cir. 1992) (rejecting the plaintiffs' attempt to distinguish their case from *Miles* on the basis that *Miles* involved wrongful death, rather than personal injury, and reversing the award of loss of consortium damages to injured seaman's wife on the basis of the holding in *Miles* that damages for loss of society are not recoverable under the Jones Act).

The defendant appears to be arguing that the injured plaintiff's own claim for damages related to the loss of household services constitutes a form of non-pecuniary damages that are not recoverable under the Jones Act. (*See* Doc. No. 65, at 5.) The defendant relies, in large part, on this court's opinion in *Dwyer v. Southwest Airlines, Inc.*, No. 3:16-cv-03262 (lead case), 2019 WL 2025243 (M.D. Tenn. May 8, 2019), denying the plaintiff's motion to amend her complaint as futile, because Tennessee does not appear to recognize a plaintiff's claim for damages in the form of the loss of her own household services.

Although the court characterized the plaintiff's damages claim in that case as a form of non-economic damages based on Tennessee law, *see id.*, at *4, the Jones Act preempts state law, and the Sixth Circuit has expressly recognized that the loss of household services in the context of a Jones Act claim qualifies as a form of pecuniary damages. *See, e.g.*, *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 631 (6th Cir. 1978) (recognizing that "societal losses," as nonpecuniary losses, are not recoverable under the Jones Act, but that "[h]auling out the garbage, mowing the lawn, making repairs, and other household tasks may be performed by a father as labors of love, but they are labors nonetheless, and historically where they have been performed for others, they have commanded an economic price which we think may fairly be included as a part of the pecuniary loss suffered by the decedent's family, considered apart from the non-pecuniary element of loss of society" (footnotes omitted)).

The Sixth Circuit in *Morvant* noted, at the same time, that "the loss of services is a recognized element of damages" in a wrongful death action under both the Jones Act and general maritime law. *Id.* at 633 n.7. In fact, as the defendant concedes, courts universally recognize that the value of a decedent's household services in a Jones Act case are recoverable as damages. *See, e.g.*, *De Centeno v. Gulf Fleet Crews, Inc.*, 798 F.2d 138, 141 (5th Cir. 1986) ("Recoverable items [in Jones Act death action] include . . . loss of Centeno's household services . . . "); *In re Magnolia Fleet*, No. CV 16-12297, 2017 WL 5541360, at *1 (E.D. La. Nov. 17, 2017) ("Under both general maritime law and the Jones Act, survivors are entitled to recover 'pecuniary damages for . . . loss of household services.'" (citing *Neal v. Barisich, Inc.*, 707 F. Supp. 862, 868–69 (E.D. La. 1989), *aff'd*, No. 9-3265, 889 F.2d 273 (Table) (5th Cir. 1989)); *Champ v. Marquette Transp. Co., LLC*, No. 5:12-CV-00084-TBR, 2014 WL 2879152, *18 (W.D. Ky.

2014) ("Certainly, loss of support and loss of services are recoverable under both the Jones Act and the general maritime law." (citing *Neal*, 707 F. Supp. at 868–69)).

While these cases involved the death of the seaman, neither the statute itself nor the caselaw distinguishes between the type of damages available in a death case and the type of damages available in an injury case, and the defendant has provided no reason to do so. The sparse caselaw this court has located on the topic indicates that courts—and parties—presume that such damages, if properly supported by admissible evidence, are available in injury cases as well. *See, e.g.*, *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 91 F. App'x 370, 373 (6th Cir. 2004) (in an action under the Jones Act and general maritime law for negligence causing injuries, affirming judgment for the plaintiff including damages in the amount of $7,500 for "loss of household services," where both parties appealed the damages award but neither appealed the award of damages for loss of household services); *Williams v. Cent. Contracting & Marine, Inc.*, No. 15-CV-867-SMY-RJD, 2018 WL 1612019 (S.D. Ill. Apr. 3, 2018) (following a bench trial, noting that damages for loss of household services were among those sought by the plaintiff but declining to award them based on the lack of evidence to support them); *Semien v. Parker Drilling Offshore USA LLC*, 179 F. Supp. 3d 687, 717 (W.D. La. 2016) (following a bench trial, awarding the plaintiff damages for "the value of household services Mr. Semien can no longer perform").

In addition, such damages are routinely recovered in FELA cases. *See, e.g.*, *Cowden v. BNSF Ry. Co.*, 980 F. Supp. 2d 1106, 1123 (E.D. Mo. 2013) (denying motion to exclude the plaintiff's economic expert's testimony regarding the plaintiff's lost household services, finding that the challenges went to the credibility of the testimony rather than its admissibility); *Larson v. Wis. Cent. Ltd.*, No. 10-C-446, 2012 WL 359665, at * (E.D. Wis. Feb. 2, 2012) (rejecting

motion in limine to exclude the plaintiff's expert economist on the issue of the value of household services); *Magelky v. BNSF Ry. Co.*, 579 F. Supp. 2d 1299, 1308 (D.N.D. 2008) (denying motion for remittitur of damages and specifically rejecting the defendant's argument that "future household damages . . . should be excluded from future economic damages" on the grounds that the expert's "opinion lacked foundation as to [the plaintiff's] alleged future loss of household services"); *Rachel v. Consol. Rail Corp.*, 891 F. Supp. 428, 431 (N.D. Ohio 1995) (denying the defendant's motions in limine seeking to "exclude evidence of the value to Plaintiff of household services he can no longer perform," noting that the "Defendant claims damages may not be recovered for this injury under FELA but cites no authority for this proposition"). Because, as set forth above, "FELA caselaw is broadly applicable in the Jones Act context," *Sobieski*, 413 F.3d at 631, the fact that such damages are available in FELA cases further supports the conclusion that they are available under the Jones Act.

Finally, courts have also recognized that damages related to an injured individual's loss of household services are recoverable under general maritime law. *See, e.g.*, *Jones v. Carnival Corporation*, No. 04-20407-CIV-JORDAN, 2005 WL 8156681 (W.D. Fla. Dec. 12, 2005). Their availability in that context, again, supports the conclusion that the loss of household services is a recoverable element of damages in Jones Act cases, too, because the Supreme Court has expressly recognized that recovery under the Jones Act is intended to be consistent with recovery under general maritime law. *See Miles*, 498 U.S. at 32–33 (holding that, because the Jones Act also precludes recovery for loss of society, such damages were also not recoverable in general maritime action for wrongful death, stating: "It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting

from negligence."); *Michel v. Total Transp., Inc.*, 957 F.2d 186, 191 (5th Cir. 1992) ("In *Miles*, the Supreme Court stressed the importance of uniformity concerning the claims available under the Jones Act and general maritime law.").

*Jones*, in fact, is particularly instructive. In that case, a passenger injured on a cruise ship brought suit for personal injuries under general maritime law. The defendant filed a motion in limine to exclude the plaintiff's claim for loss of household services, arguing broadly that "general maritime law does not permit *anyone* to recover for loss of services." *Id.* at *1. The court rejected that premise, noting that *Miles*, on which the defendant relied, was not on point. Although *Miles* held that only pecuniary damages were recoverable under the Jones Act, which meant that damages for "loss of society" were not recoverable, "the Court implied that it viewed claims for loss of *services* to be claims for pecuniary loss and thus, distinct from claims for loss of *society*." *Id.* at *1 n.1 (citing *Miles*, 488 U.S. at 325). As noted above, the Sixth Circuit has also recognized that distinction, even prior to *Miles*. *See Morvant*, 570 F.2d at 631.

The court in *Jones* did agree that any evidence relating to the plaintiff's *spouse's* loss of services should be excluded. The context of the case indicates that the plaintiff's husband happened to be disabled. Although he was not a plaintiff in the case, there was some suggestion that he was affected by the plaintiff's injuries because he suffered the loss of her services in caring for him. The court concluded that the plaintiff was not entitled to recover for the loss of services *her husband* would suffer as a result of her injury. "Ms. Jones does not cite—and I cannot find—a case where the injured party recovered loss of services damages on behalf of his or her spouse." *Id.*

However, the court denied the motion insofar as it related to the plaintiff's claim for "household services replacement costs" brought by the plaintiff for her own services, based on

caselaw from other general maritime cases and related law indicating that the loss of household services is a recoverable element of damages. *See id.* at *2 (citing *Purdy v. Belcher Refining Co.*, 781 F. Supp. 1559, 1563 (S.D. Ala. 1992) (permitting injured party in a case brought under Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*, to recover for loss of household services where he testified that he was very industrious around his house during off-duty hours); *Webb v. Ensco Marine Co.*, 135 F.Supp.2d 756, 771 (E.D. Tex. 2001) (injured party in case governed by general maritime law permitted to recover for loss of household services where physical limitations prevent him from doing work around his house); Thomas J. Schoenbaum & Jessica L. McClellan, *Admiralty and Maritime Law* § 5-15 (3rd ed. 2001) ("The law further presumes that a tort victim may have three kinds of losses: (1) lost earning capacity; (2) medical and *other necessary expenses*; (3) pain and suffering.") (emphasis added); *Hernandez v. M/V Rajaan*, 841 F.2d 582, 588-89 (5th Cir. 1988) (injured party not permitted to recover for loss of household services where he could not prove he performed household services prior to his injury).

Based on the cited cases, the court in *Jones* also explained what the term "household services" encompasses and how damages for their loss are measured:

> "Household services" include a wide variety of routine, common, household chores and tasks. Thus, they are those services that the injured party performed prior to the injury for the common benefit of the marital partnership or the household as a whole, as distinct from services to a particular member of the house. Loss of household services damages are measured by the cost of employing someone else to perform these services after [the injured party's] disability.

*Id.* (internal quotation marks and citations omitted).

The defendant's attempt to distinguish the maritime cases holding that an injured plaintiff may recover for the loss of his own household services is unavailing; there is no meaningful

distinction. The court is persuaded by the overwhelming weight of authority that a plaintiff bringing suit for damages under the Jones Act may recover as damages the value of the loss of his own household services, assuming he submits competent proof establishing that he has suffered, or will suffer, such damages and their value.

**IV.    CONCLUSION & ORDER**

For the reasons set forth herein, the defendant's Motion for Partial Summary Judgment on the Issue of Loss of Household Services (Doc. No. 63) is **DENIED**.

The Clerk is **DIRECTED** to **TERMINATE** the first Motion for Partial Summary Judgment (Doc. No. 49) as superseded by the second.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge