**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BOBBY SCHLUETER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-02079** |
| | ) | **Judge Aleta A. Trauger** |
| **INGRAM BARGE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This Order rules on an outstanding issue remaining from the pretrial conference on December 6, 2019.

Under the Federal Rules of Evidence governing expert opinion testimony:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703. The Advisory Committee Notes recognize that experts may rely upon the opinions of other experts: "Thus a physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including . . . reports and opinions from nurses, technicians and other doctors. . . ." Fed. R. Evid. 703, advisory committee's note to 1972 proposed rules; *see also* 4 Weinstein & Berger, Weinstein's Federal Evidence § 703.04[3] ("The number of sources on which experts in various fields of expertise might reasonably rely to obtain information for the formation of opinions and inferences is virtually infinite. A few of those that the courts

have considered with regularity are the following . . . opinions of other experts[.]"), *quoted in Eaves v. United States*, No. CIV.A. 4:07CV-118-M, 2009 WL 3754176, at \*9 (W.D. Ky. Nov. 5, 2009).

However, under Rule 703, "the inadmissible evidence should not be shown to the jury unless the judge finds that its probative value in assisting the jury to evaluate the expert's testimony outweighs its potential for prejudice." Robert E. Larsen, Navigating the Federal Trial § 11:74 (2019 ed.); *see also United States v. W.R. Grace*, 504 F.3d 745, 759 (9th Cir. 2007) ("[I]f the expert relies on facts or data that are otherwise inadmissible, then those facts 'shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.'" (quoting Fed. R. Evid. 703, advisory committee's note to 2000 amendment)); *see id.* at 759 n.7 ("There is a presumption against disclosure to the jury of inadmissible information used as the basis for expert's opinion." (citing Rule 703 (2000)).

Based on this authority, the court finds that Dr. Benjamin Johnson may testify to the effect that, in arriving at his diagnosis of CRPS, he relied on information furnished by other doctors who had treated the plaintiff, and he may identify the other doctors. However, he may not disclose the actual opinions and diagnoses of the other doctors, because the probative value of that hearsay would be substantially outweighed by its prejudicial effect.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge